But if you know who you are and who you represent, come on up. We don't know. Oh, well, you're by yourself, aren't you? That's right. Well, I do know who you are. Okay. Well, maybe I can complete it before the signing sheet comes back. Basically, my opponents waived. I didn't waive simply because I thought that there were some aspects that weren't fully developed in the briefs and I wanted to know if the court had any questions. So, Mr. Sweeney, you're saying that you just are here to present yourself and answer any questions? Yes. Yes, ma'am. Thank you. That's who you are. That's right there. You're basically taking the position that he got the relief complained of because he got the good time. Yes, and... I'm confused by that. I'm sorry, I interrupted. Go ahead and answer that and then I have a follow-up to that. Yes, not only is he getting day-for-day good time, but it's neither alleged nor is it likely that he would have refused to plead guilty on different advice because the basic benefit that he gets out of the statute, which is day-for-day good time, he is getting. So, in the absence of an allegation that he would have refused to plead guilty on different advice and in the absence of any probability that that would take place, he has to state the claim. But, Mr. Sweeney, in reading the brief the second time, because I was confused by that statement that he'd already got his day-for-day, wasn't there additional time that he was contending that he was to get if he participated in certain education classes and that that's what he forfeited? That was stated in the petition. Yes, it wasn't argued on appeal, which is why I'm here. Neither his principal brief nor his reply brief makes that argument. Therefore, I would respectfully contend that it's forfeited on appeal. But even if it wasn't forfeited, it doesn't state a claim, first, because, again, there's no allegation that he would have refused to plead guilty had he been advised differently concerning participation in educational programs. And secondly, that is such a minor issue that there's no probability or likelihood that that would have affected his decision to plead guilty. Therefore, he hasn't stated a claim. The Illinois Supreme Court has said that if you want to say your attorney gave you bad advice, you have to allege, even at the first stage of proceedings, that that changed your decision to plead guilty. It wouldn't cause your decision to plead guilty, and then otherwise you would not have pled guilty. Here, it isn't alleged, and there's no probability that such a minor issue would have affected his decision to plead guilty. What was he contending? Was there any contention about how much time that would have taken off? There's only a very vague reference in the petition, and there's no reference in the briefs on appeal, so I don't know what he's contending. However, the basic benefits that you get out of these statutes relating to time actually served is day-for-day good time, which he's getting, the possibility of 180 days' meritorious service time, which he was eligible for. And participation in educational programs is such a minor issue that it's understandable that my opponent didn't raise it in his principle brief or reply brief. It's understandable that the defendant didn't allege that that changed his decision to plead not guilty into a decision to plead guilty, because I don't think anyone would have believed him if he'd alleged that. Incidentally, I'd like to point out that this whole appeal is contrary to the defendant's interests, because if it goes back, his plea is vacated, he's tried, any conviction would be where he would only have two to four years to go of actual time on his current sentence. So he's risking a lot more time in prison by pursuing this appeal, because by the time he could get back to the trial court, he could vacate, possibly, but not likely vacate his plea, be tried, he'd be fairly close to being released anyway. So you wouldn't do him any favors by ruling for him, and he hasn't made out a case under the applicable law. Thank you, Mr. Sweeney. We'll take the matter under advisement.